Johnson J.
According to the report, it would seem that the only defence interposed was at the instance of a stranger to the record, and was permitted to be gone into as an indulgence to his counsel. In that view of the case, the defence could avail nothing. If Davis Caldwell, had. any interest in the subject matter of the suit, his only mode of prosecuting it was by a suit against one or other of the parties.
We think also, that the plaintiff was entitled to recover on the merits. The case, so far as we are able to collect from the notes of the evidence, taken by the presiding judge, and sent up with his report appears to be this. The defendants gave the notes in suit payable to Jemima G. Henderson “or bearer.”— After her death, and after the notes became due, Nancy Henderson, her mother, passed them to the plaintiff for value. Davis Caldwell is the administrator of Jemima G. Henderson, and the claim interposed by him, is, that Nancy Henderson, the mother, fraudulently possessed herself of them. Conceding ’ this to be true, there is no proof of notice to the plaintiff, and the rule is very clear that the plaintiff is entitled to recover. In Peacock v. Rhodes, Doug. 632, a bill endorsed in blank had been stolen from the holder, and it was, notwithstanding, held that the plaintiff, the holder for value, without notice, was entitled to recover. So in Grant v. Vaughn, 3 Bur. 1615, where *41 a bill had been lost after due, and came to the hands of the plaintiff for value. See also Proctor v. McCall, 2 Bail. 208.
The other grounds of the motion are irrelevant, or do not arise out of the report.

Motion dismissed.

O’Neall & Harper, J’s. concurred.